E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-01315-S4**
**3/4/2022 10:57 AM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **WINDY HINESMAN ,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION FILE NO.:** _____ |
| | 22-C-01315-S4 |
| **WALMART STORES EAST L.P.,** **JOHN DOE MANAGER and** **JOHN DOE EMPLOYEE,** | |
| **Defendants.** | |

## COMPLAINT

COMES NOW Plaintiff, WINDY HINESMAN, and files this Complaint for damages against Defendants as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff WINDY HINESMAN (hereinafter "Ms. Hinesman") is currently a resident of Newton County, Georgia and is subject to the jurisdiction of this court.

2.

Defendant WALMART STORES EAST L.P. (hereinafter "Defendant Wal-Mart"), is a Delaware limited partnership licensed to do business in Georgia.  Defendant Wal-Mart may be served with a copy of the Summons and Complaint by serving its registered agent, The Corporation Company, 106 Colony Park Drive, Suite 800-B, Cumming, Forsyth County, Georgia 30040-2794.

3.

Pursuant to provision O.C.G.A. §14-2-510(b)(4), jurisdiction and venue are proper as to Defendant WALMART STORES EAST L.P., since the Wal-Mart Store #1373 is located in

Exhibit B

3/11/2022

Gwinnett County, Georgia.

4.

Defendant John Doe Manager is as of yet an unidentified manager, assistant manager or an employee of Defendant Wal-Mart, who to Plaintiff's best belief and knowledge, is a resident of Georgia and who will be served according to Georgia law upon their proper identification and location.

5.

Jurisdiction and venue are, to Plaintiff's best belief and knowledge, proper to Defendant John Doe Manager.

6.

Defendant John Doe Employee is as of yet an unidentified employee of Defendant Wal-Mart, who to Plaintiff's best belief and knowledge, is a resident of Georgia and who will be served according to Georgia law upon their proper identification and location.

7.

Jurisdiction and venue are, to Plaintiff's best belief and knowledge, proper to Defendant John Doe Employee.

**FACTS**

8.

Plaintiff incorporates by reference paragraphs 1 through 7 of this Complaint as if fully set forth herein.

9.

On or about August 27, 2020, Ms. Hinesman was a patron in the Wal-Mart store located at 4004 Lawrenceville Highway, NW, Lilburn, Georgia.  Ms. Hinesman was in the store in order

3/11/2022

to purchase items.

10.

At the time of the incident described herein, Ms. Hinesman was an invitee on Wal-Mart's premises.

11.

While Ms. Hinesman was walking past the self-checkout when she slipped and fell in detergent that was on the floor.

## COUNT I - NEGLIGENCE OF DEFENDANT JOHN DOE MANAGER

12.

Plaintiff incorporates by reference paragraphs 1 through 11 of this Complaint as if set forth fully herein.

13.

At the time of the incident, Defendant Manager was the manager of the Wal-Mart store and was responsible for maintaining the premises in a safe condition.

14.

Defendant Manager was negligent in failing to properly inspect the area prior to displaying items for consumers to purchase, in failing to remove the hazard from the premises, in failing to take adequate measures to protect invitees from being injured, and in failing to keep the premises safe for invitees.

15.

Defendant Manager was negligent in training and supervising subordinate Wal-Mart employees in the proper removal of known hazards and/or proper placement of metal clothes racks and in properly posting caution signs of known hazards existing on Wal-Mart's premises.

3/11/2022

16.

As a result of Defendant Manager's negligence in training and supervising their staff, Ms. Hinesman was injured on Defendant Wal-Mart's premises.

## COUNT II - NEGLIGENCE OF DEFENDANT JOHN DOE EMPLOYEE

17.

Plaintiff incorporates by reference paragraphs 1 through 16 of this Complaint as if set forth fully herein.

18.

At the time of the incident, Defendant Employee was an employee of the Wal-Mart store and was responsible for maintaining the premises in a safe condition.

19.

Defendant Employee was negligent in failing to properly inspect the merchandise, in failing to remove the hazard of incorrect placed metal clothes racks, in failing to take adequate measures to protect invitees from faulty packaging, and in failing to keep the premises safe for invitees.

20.

Defendant John Doe Employee was negligent in training and supervising subordinate Wal-Mart employees in the proper removal of known hazards from Wal-Mart's shelving and in properly posting caution signs of known hazards existing on Wal-Mart's premises.

21.

As a result of Defendant Employee's negligence in training and supervising his/her staff, Ms. Hinesman was injured on Defendant Wal-Mart's premises.

3/11/2022

## COUNT IV – LIABILITY OF DEFENDANT WAL-MART UNDER THE DOCTRINE OF *RESPONDEAT SUPERIOR*

22.

Plaintiff incorporates by reference paragraphs 1 through 21 of this Complaint as if set forth fully herein.

23.

Defendant Wal-Mart owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such Ms. Hinesman.

24.

Defendant Wal-Mart was negligent in failing to adopt appropriate policies and procedures to make sure that the appropriate inspections, cleaning and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, cleaning, stocking and maintaining the premises.

25.

At all times relevant to this action, the individuals responsible for inspecting, cleaning, stocking and maintaining the area where Plaintiff was injured were employed by Defendant Wal-Mart and were acting in the scope of their employment.

26.

Defendant Wal-Mart is responsible for the conduct of these individuals under the doctrine of *Respondeat Superior.*

## COUNT IV - PUNITIVE DAMAGES AGAINST DEFENDANTS

27.

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 of this

- 5 -

Complaint as if set forth fully herein.

28.

As a direct and proximate result of Defendants' above-mentioned intentional, willful, wanton and reckless conduct, Plaintiff has incurred medical bills for her care and treatment, suffered mental and emotional pain and suffering, endured physical pain and suffering and upon information and belief, will suffer and incur some or all of these damages in the future.

29.

The actions of the Defendants in deliberately and intentionally committing a violent physical injury upon the Plaintiff during the events described above authorize the imposition of punitive damages, pursuant to the provision of O.C.G.A. § 51-12-5.1, in that they show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences.

30.

Plaintiff seeks to recover punitive damages pursuant to O.C.G.A. § 51-12-5.1 in such an amount as the jury determines to be just and appropriate to fully and completely deter Defendants from committing the tortuous acts and omissions complained of in this Complaint.

31.

Defendants willfully, wantonly, knowingly, and with specific intent to cause harm, as that term is defined in the law, caused multiple injuries to Plaintiff and therefore there should be no cap or limitation on the amount of punitive damages awarded in this case.

**COUNT V – ATTORNEY FEES**

32.

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 of this

- 6 -

3/11/2022

Complaint as if set forth fully herein.

33.

Defendants' willful misconduct constitutes "bad faith" sufficient to award attorney's fees under O.C.G.A. § 13-6-11, and Plaintiff is entitled to recover from Defendants all expenses of litigation, including reasonable attorney's fees incurred in bringing this action.

34.

Defendants negligently failed to properly train and/or supervise employees and/or subordinates of Defendants Wal-Mart, John Doe Manager, and John Doe Employee to safely, properly and professionally execute his duties and obligations to Plaintiff.

35.

Defendants negligently retained employees when they knew or should have known that such employees were not qualified to perform their duties which caused or contributed to the incident at issue.

36.

Although the Defendants knew, or in the exercise of reasonable diligence should have known, of the risks of injuries to Plaintiff, they negligently failed to take reasonable precautions to guard against the dangerous behavior of Defendant employees and failed to protect Plaintiff.

37.

Defendants are jointly and severally liable to Plaintiff for all damages proximately caused by their negligent actions set forth within this Complaint.

38.

As a result of Defendants' negligence in training, supervising, and managing their employees, Plaintiff was injured on the premises.

3/11/2022

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Complaint of the Plaintiff having fully been set forth, Plaintiff respectfully prays as follows:

(a)     That summons and complaint be served as provided by law;

(b)     That Plaintiff has a trial by jury;

(c)     That Plaintiff be awarded actual damages from Wal-Mart in an amount to be shown at trial;

(d)     That Plaintiff be awarded general damages from Wal-Mart in accordance with the enlightened conscience of an impartial jury;

(e)     That Plaintiff be awarded interest and costs; and

(f)     For such other and further relief as this Court deems just and proper.

Respectfully submitted, this 3rd day of March, 2022.

**MARKS LAW GROUP, LLC**

*/s/Aaron P. Marks*
Aaron P. Marks
Georgia Bar No. 558116
*Attorney for Plaintiff*

125 Clairemont Avenue
Suite 470
Decatur, Georgia 30030
Phone: (404) 939-1485
Fax: (404) 581-5902
aaron@markslawgroup.com

– 8 –

3/11/2022